# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| UNYQUE MILES,<br>    Appellant, | DOCKET NUMBER<br>DA-3443-21-0349-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br>    SECURITY,<br>        Agency. | DATE: August 26, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Unyque Miles</u>, Duncanville, Texas, pro se.

<u>Beverlei E. Colston</u>, Esquire, Irving, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal challenging her nonselection for a promotion.  For the reasons set forth below, the appellant's petition for review is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 On July 26, 2021, the appellant filed an appeal challenging the agency's failure to select her for a Mission Support Specialist position at the Dallas Field Office in Dallas, Texas. Initial Appeal File (IAF), Tab 1. On September 15, 2021, the administrative judge issued an initial decision on the written record, dismissing the appeal for lack of jurisdiction, finding that it did not fall within any recognized exception to the general rule that the Board lacks jurisdiction over nonselection decisions. IAF, Tab 13, Initial Decision (ID) at 1, 3-4. Specifically, she determined that the appellant failed to exhaust her administrative remedies with the Office of Special Counsel (OSC) as to her claim of whistleblower reprisal and failed to nonfrivolously allege that her nonselection was the product of discrimination based on uniformed service. ID at 3-4. The initial decision included instructions that it would become final on October 20, 2021, unless a petition for review was filed by that date. ID at 4.

¶3 On January 9, 2022, the appellant electronically filed a pleading titled "Response to Request for Reopening" in the aforementioned appeal.[2] Petition for

---

[2] We need not forward the appellant's allegation, submitted for the first time on review, that she filed a complaint with OSC. Petition for Review (PFR) File, Tab 1 at 4, 14. Generally, we will consider an allegation such as this on review because it implicates the Board's jurisdiction, an issue that is always before the Board and may be raised by any party or sua sponte by the Board at any time during a Board proceeding. *See Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003). However, the appellant has already filed a separate individual right of action (IRA) appeal, *Miles v. Department of Homeland Security*, MSPB Docket No. DA-1221-22-0112-W-1, Initial Appeal File (0112 IAF), submitting the same documents from the instant petition for review, PFR File, Tab 1 at 11-62. On April 21, 2022, the administrative judge issued an initial decision in the IRA appeal, dismissing her claim for lack of jurisdiction. 0112 IAF, Tab 21, Initial Decision (0112 ID) at 1, 9-11. The initial decision became final on May 26, 2022, when neither party filed a petition for review. 0112 ID at 11. Thus,

Review (PFR) File, Tab 1. Because it was unclear whether the appellant intended her pleading as a petition for review of the initial decision in this case, the Office of the Clerk of the Board sought clarification of the intent of the appellant's filing. PFR File, Tab 2 at 1 n.*. She clarified via email on January 10, 2022, that she intended her pleading as a petition for review of the September 15, 2021, initial decision. *Id.* Consequently, the Clerk's office issued an acknowledgement order, acknowledging the appellant's January 9, 2022, filing as a petition for review of the initial decision in this case. PFR File, Tab 2.

¶4 Because the pleading was received after the October 20, 2021 initial decision finality date, the Clerk's office informed the appellant that her petition for review was untimely and that she must submit a "Motion to Accept Filing as Timely or to Waive Time Limit" either by an affidavit or a statement signed under penalty of perjury. *Id.* at 1-2. A blank sample motion was attached to the acknowledgment letter. *Id.* at 7-8. The acknowledgment letter further stated that the appellant's motion must be submitted on or before January 26, 2022. *Id.* at 2. The appellant has not filed a motion to accept her untimely petition for review or to waive the time limit. The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The Board's regulations provide that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *See* 5 C.F.R. § 1201.114(e); *see also Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014). Here, the administrative judge issued the initial decision on September 15, 2021, and correctly informed the appellant that

we decline to forward this allegation for docketing and adjudication to the Dallas Regional Office.

she was required to file any petition for review no later than October 20, 2021. ID at 1, 4. The appellant filed her petition for review on January 9, 2022. PFR File, Tab 2 at 8, Tab 3 at 1. As such, we find that the petition for review is untimely filed by 2 months and 20 days.

¶6        The Board may waive its timeliness regulations only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.12, 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        We conclude that the appellant has failed to show good cause for a waiver of the filing deadline. Even considering the appellant's pro se status, the appellant's over 2 month delay is not minimal. *See Wright v. Department of the Treasury*, 113 M.S.P.R. 124, ¶ 8 (2010) (concluding that an 11-day delay is not minimal); *Allen v. Office of Personnel Management*, 97 M.S.P.R. 665, ¶¶ 8, 10 (2004) (declining to excuse a pro se appellant's 14-day, unexplained delay in filing a petition for review); *Crozier v. Department of Transportation*, 93 M.S.P.R. 438, ¶ 7 (2003) (noting that a 13-day delay in filing is not minimal). Additionally, the appellant has not presented evidence of due diligence or the

existence of circumstances beyond her control that affected her ability to file her petition. Further, despite being afforded the opportunity to do so, the appellant has not offered any explanation for her delay in filing.

¶8        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's nonselection appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the

U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.